MARTHA J. NEWELL vs. THE BOROUGH OF BRISTOL.

First Judicial District, Hartford, January Term, 1906.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Upon an appeal from an assessment of benefits for a sewer, the landowner alleged that she had been assessed too much owing to an error in the measurement of the frontage of her lot. The committee found that there was a slight discrepancy between the measurement made by the landowner's engineer and that made by the borough, but that it was "so trivial that it ought not to disturb the assessment." *Held* that this was not necessarily equiva-

lent to a finding that the landowner's measurement was in fact the correct one.

The borough had established a rule under which it was customary to make a certain exemption where a sewer was laid on two frontages of a corner lot. It appeared that the lot in question abutted on one street only, which ran north along the east side of the lot a short distance and then turned to the west at an obtuse angle. The committee found that the property was not a corner lot within the meaning of the borough rule, and that the assessment was a fair one. *Held* that upon these facts this court could not say, as matter of law, that the landowner was entitled to the exemption claimed.

Argued January 3d—decided March 7th, 1906.

APPLICATION in the nature of an appeal from an assessment of sewer benefits made by the borough of Bristol, brought to the *Hon. William S. Case*, a judge of the Superior Court, and referred to a committee who heard and reported the facts; a remonstrance to the acceptance of the report was overruled, and from a judgment for the defendant the plaintiff appealed. *No error.*

*Josiah H. Peck*, for the appellant (plaintiff).

*Noble E. Pierce*, for the appellee (defendant).

HALL, J. This is an appeal to a judge of the Superior Court taken under General Statutes, § 1956, by the owner of property abutting upon a highway in the borough of Bristol, who claims to be aggrieved by the assessment against her of benefits to the amount of $421.08 on account of the construction of a sewer. Section 1957 provides that upon such appeal "said judge may, by committee or otherwise, reassess said damages or benefits, or review and revoke, modify, or affirm," the order appealed from.

The plaintiff alleged, as reasons of appeal to said judge: (1) that the amount assessed against her property was disproportionate to that assessed against other properties in the same street for the construction of said sewer; (2) that in making such assessment the board of warden and burgesses

applied an arbitrary rule by which they apportioned the expense of the construction of the sewer among "the adjoining owners according to the number of the front feet of their land, without apparent reference to any other consideration;" (3) that in making the assessment against the plaintiff's property said board failed to apply the rule which had theretofore been established as just and equitable, of exempting 125 feet of a corner lot when a sewer is laid upon two sides of such lot; and (4) that in the application of said front-foot rule the plaintiff's land was assessed for too great a frontage.

The reasons of appeal having been denied, the Superior Court judge appointed a committee to try the issues of fact raised by the pleadings, reassess the benefits assessed against the plaintiff's property, and make report to said judge. The plaintiff filed a remonstrance to the acceptance of the report made by the committee, and the judge sustained the defendant's demurrer to such remonstrance and dismissed the appeal.

There was no error in the judgment of the judge of the Superior Court. Of the reasons of appeal to this court the only ones pursued by the plaintiff in her brief are that the trial judge erred: (1) "In refusing to hold said assessment illegal and invalid because it was based on a frontage four and seven-tenths feet greater than the actual frontage of said property; (2) in refusing to hold said assessment illegal and invalid because no exemption was allowed on said property as a corner lot."

The first alleged error is based upon the plaintiff's claim that the assessment was improperly made by applying an "arbitrary rule by which the expense of the construction of the sewer is apportioned among the adjoining owners according to the number of front feet of their land, without apparent reference to any other consideration." But the committee finds that an arbitrary front-foot rule was not the basis of computation; that the values of the different pieces of property as estimated by the committee were considered, and that the value of the plaintiff's property was fairly esti-

mated; and that the assessment against her property was a fair one. It does, however, appear that the properties were valued by the front foot, and that if the borough authorities made the claimed error in measuring the frontage of the plaintiff's land, there was an error in valuation, rather than in the application of a rule of assessment, by which the amount of the benefits required to be paid by the plaintiff was improperly increased some $4.71. The committee regarded such a difference in measurements, as shown by different evidence, as too trifling to be considered.

But the plaintiff does not appear to have satisfied the committee that the measurement adopted by the borough authorities was wrong. The finding fails to state which of the two measurements was the correct one. The facts found by the committee upon this point are, that " although there is a discrepancy of four and seven-tenths feet between the measurements of the frontage of the appellant's land as made by her engineer, and the measurements as made by the borough authorities, it is so trivial that it ought not to disturb the assessment against the property ; " and that the borough in making the assessment assumed that the frontage of the plaintiff's property was four and seven-tenths feet greater than was disclosed by the testimony of the plaintiff's engineer. In finding the issues for the defendant, the trial judge may properly have regarded this as not amounting to a finding that the measurement testified to by the plaintiff's engineer was the correct one.

Regarding the second alleged error, that under the rule of assessment established by the borough there should have been an exemption allowed of a part of the frontage of the plaintiff's property, as a corner lot, the committee finds that the warden and burgesses had adopted a rule of assessment by which it has been customary to exempt 125 feet of a frontage, on a corner, where a sewer was laid on two frontages of property at the intersection of two streets, but that the property of the plaintiff is not so situated as to constitute a corner lot within the rule. The map before us shows that the plaintiff's property is on the west side of Queen

Street, through which the sewer is laid, and that in front of the plaintiff's lot Queen Street turns to the west at an obtuse angle, and that there is no intersecting street at said angle.

Upon these facts, and upon the finding of the committee that the assessment against the plaintiff's property was a fair one, we cannot hold as a matter of law that the plaintiff was entitled to the claimed exemption.

There is no error.

In this opinion the other judges concurred.